GORMLEY, superintendent of banks, *v.* BRAZIL.

ATKINSON, Justice. 1. In an action instituted by the State superintendent of banks, having in charge for the purpose of liquidation the assets of the Hogansville Banking Company, against Brazil to recover possession of land conveyed by the Hogansville Furniture Company to the Hogansville Banking Company, and to cancel a city marshal's tax deed, it does not afford the plaintiff cause for reversal that this deed, offered in evidence by the defendant, was admitted over the objections that it was not accompanied by the execution under which the tax sale was made, that the execution was not recorded with the deed, and that execution of the deed was not proved by the subscribing witnesses.

2. In 1927 certain land was conveyed by the Hogansville Furniture Company to the Hogansville Banking Company as security for a debt, and the deed was duly recorded. In January, 1929, the grantor in consideration of the secured debt executed to the grantee a second deed reciting that the purpose of the deed was to transfer all equity of redemption from the grantor to the grantee. This deed was duly recorded. A tax execution was issued in personam against the grantor, for municipal taxes for the year 1929. This execution was levied on land described differently and apparently not embraced in the land conveyed to the Hogansville Banking Company. Under this levy the land was sold by the city marshal to L. B. Brazil, to whom the marshal duly executed his deed describing the property as set forth in the levy, and the purchaser entered possession. *Held:*

(*a*) On the trial the evidence was too indefinite and uncertain to demand a finding that the land sold by the city marshal and in possession of the defendant was included in the deed to the Hogansville Banking Company.

(*b*) The plaintiff must depend for the relief sought upon the strength of his title, and can not rely on the weakness of the title of the defendant. Applying this principle, the verdict for the defendant was authorized by the evidence.

3. Grounds of a motion for a new trial, complaining that under the evidence the verdict was contrary to designated portions of the charge to the jury, were merely elaborative of the general grounds.

4. The judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 11063. JULY 11, 1936.

*E. T. Moon,* for plaintiff.

*L. L. Meadors* and *Loeb C. Ketzky,* for defendant.